ELI DENNIS, Plaintiff in Error, v. JAMES HOPPER, Defendant in Error.

#### ERROR TO BROWN.

The act of 1851, which authorizes the reading of deeds, etc., in evidence, which were acknowledged in other states, by exhibiting a certificate of conformity, etc., applies only to deeds which had been recorded at the time of the passage of the act.

THIS cause was tried before WALKER, Judge, at the April term, 1855, of the Brown Circuit Court.

The opinion of the court recites the facts of the case.

W. A. & J. GRIMSHAW, for Plaintiff in Error.

J. S. BAILEY, for Defendant in Error.

SKINNER, J. This was an action of ejectment. Plea, not guilty, and trial by the court.

The plaintiff read, in evidence, a patent for the land in controversy, from the United States to one Courtney, and offered to read a certified copy from the records of the proper county, of a deed, for the same land, from Courtney to one Hubbard, dated the 12th day of August, 1820, and acknowledged, on the same day, before a justice of the peace of the State of Rhode Island, and to prove a chain of deeds, conveying the title of Hubbard in the land to the plaintiff. This deed was recorded, in the proper county, in 1852, and to the certified copy thereof was appended a certificate of the clerk of the court of common pleas, for the County of Providence, and State of Rhode Island, under the seal of said court, and dated the 31st day of May, 1855, that the deed, to the certified copy of which the certificate was appended, as appeared from said certified copy, was executed and acknowledged in conformity with the laws of the State of Rhode Island, in force at the time the same appeared, from said certified copy, to have been executed and acknowledged, to wit: on the 12th day of August, 1820. The defendant objected to this deed, for want of proof of execution, and the court sustained the objection, and rendered judgment for him.

The only question necessary for determination upon this record is, whether the deed was properly rejected. It is not contended that the deed was competent evidence, without further proof of execution, if the certificate of conformity, in the execution and acknowledgment, to the laws of Rhode Island, does not dispense with other proof.

The act of 1851, under which this certificate was made, provides: "That a certified copy of any deed, mortgage or other instrument, affecting any real estate within this state, which has been acknowledged without this state, in conformity with the laws of the state where such deed, mortgage or other instrument was acknowledged, and which has been recorded in the proper county in this state, shall be evidence in all courts and places: *Provided*, The party offering such certified copy in evidence, will exhibit with the same a certificate of conformity, as provided for in section sixteen, of chapter twenty-four, of the revised statutes, notwithstanding said certificate of conformity has never been recorded." Statutes of Ill. 1856, p. 167.

The language of the law, "and has been recorded in the proper county," applies only to deeds which had been recorded at the time of the passage of the act, and such, we think, was the intention of the legislature.

There was a propriety, manifest to all acquainted with the history of military titles in this state, in confining the law to deeds previously executed and duly recorded, on account of the danger, by giving it application to deeds subsequently to be executed and recorded, of affording facilities and security in the forging of titles.

The deed was properly rejected.

*Judgment affirmed.*